UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FACCIA BRUTTO SPIRITS LLC,<br><br>        Plaintiff,<br><br>v.<br><br>JKFOODGROUP LLC,<br><br>        Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Faccia Brutto Spirits LLC ("Faccia Brutto"), by and through the undersigned counsel, states the following for its Complaint against Defendant JKFOODGROUP LLC ("Defendant"):

**NATURE OF THE ACTION**

1. This is an action seeking redress for Defendant's knowing and willful infringement of the registered trademark FACCIA BRUTTO (the "FACCIA BRUTTO Mark").

2. Defendant was aware of the fact that Plaintiff Faccia Brutto had been marketing and selling organic Italian spirits and liqueurs under the FACCIA BRUTTO Mark at the time Defendant opened a new Italian restaurant under the trademark FACCIA BRUTTA (the "FACCIA BRUTTA Mark") in late May 2022.

3. Indeed, prior to opening its restaurant, Defendant selected Faccia Brutto's FACCIA BRUTTO-branded product to include on its beverage menu.

4. Despite knowing that Faccia Brutto sells products under the FACCIA BRUTTO Mark for consumption in, among other places, Italian restaurants, Faccia Brutto went forward with its plan to operate under the nearly identical FACCIA BRUTTA Mark.

84687479v.1

5. Almost immediately after Defendant's restaurant opened, consumer confusion ensued, and Faccia Brutto received multiple inquiries regarding a perceived connection between Defendant's restaurant and Faccia Brutto's beverage products.

6. Recognizing the potential harm to its valuable FACCIA BRUTTO Mark, Faccia Brutto reached out to Defendant in order to alert Defendant to the fact that consumers were confused, and that, as the junior user of a confusingly similar mark, Defendant would have to rebrand.

7. Defendant has repeatedly rebuffed Facia Brutto's requests that Defendant cease use of the FACCIA BRUTTA Mark before the trademark rights and goodwill Facia Brutto has invested so heavily in building around the FACCIA BRUTTO Mark is further damaged.

8. Therefore, Faccia Brutto is forced to seek judicial intervention to protect both the public and its valuable trademark.

9. Faccia Brutto is asserting claims of infringement of federally registered trademarks and false designation of origin in violation of the federal Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, as well as unfair competition under Massachusetts common law.

10. Faccia Brutto seeks preliminary and permanent injunctive relief preventing Defendant from using the FACCIA BRUTTA Mark, or any other mark that is confusingly similar to the FACCIA BRUTTO Mark, in connection with restaurant services or other, related goods or services.

11. Faccia Brutto also seeks actual damages and disgorgement of Defendant's profits in connection with Defendant's infringement, and asks that the Court treble Faccia Brutto's damages and award attorneys' fees and costs to Faccia Brutto according to the circumstances of this exceptional case.

84687479v.1

## PARTIES

12. Faccia Brutto is a New York corporation with a principal place of business at 278 St. James Place #2, Brooklyn, New York 11238.

13. Defendant is a Massachusetts corporation with a principal place of business located at, upon information and belief, 505 Massachusetts Avenue, Cambridge, Massachusetts 02139.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

15. This Court has personal jurisdiction over Defendant because Defendant is a Massachusetts corporation, regularly conducts business within the State of Massachusetts, and has harmed consumers and Faccia Brutto in Massachusetts.

16. Venue is proper under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Faccia Brutto's Trademark Rights

17. Faccia Brutto was founded in 2017 to introduce Americans to organic, Italian-style amaro spirits and liqueurs traditionally found in Europe.

18. Faccia Brutto has marketed, offered for sale, and sold a line of spirits and liqueurs under the FACCIA BRUTTO Mark in interstate commerce in the United States since as early as April 16, 2020.

19. "Faccia Brutto" means "ugly face" in Italian.

20. The FACCIA BRUTTO Mark is arbitrary when used in connection with spirits and liqueurs.

21. Additionally, Faccia Brutto developed a stylized version of the FACCIA BRUTTO Mark that appears as follows:



(the "FACCIA BRUTTO Logo," or, collectively with the FACCIA BRUTTO Mark, the "FACCIA BRUTTO Marks").

22. The FACCIA BRUTTO Logo appears on labeling for Faccia Brutto's products, as well as in related marketing and promotional materials.

23. Faccia Brutto markets, offers for sale, and sells FACCIA BRUTTO-branded products to individual consumers looking to stock their home bars with unique, enjoyable Italian flavors, as well as to restaurants across the country, including in and around Boston.

24. Faccia Brutto advertises its products online through a website located at https://facciabruttospirits.com/ and on social media platforms, including Instagram and Facebook.

25. Following its adoption of the FACCIA BRUTTO Marks in April 2020, Faccia Brutto quickly developed a following, gaining the attention of consumers and retail liquor and restaurant businesses across the nation.

26. Faccia Brutto has received significant, unsolicited media attention for its FACCIA BRUTTO-branded products in well-known national publications such as *People*, *Condé Nast Traveler*, *Bon Appetit*, and the *New York Times*.

27. Faccia Brutto has invested significant resources in developing, promoting, and protecting its trademarks and the goodwill it has developed surrounding its brand.

28. As part of that effort, on February 1, 2021, Faccia Brutto sought federal trademark registrations for the FACCIA BRUTTO Mark and the FACCIA BRUTTO Logo.

29. Faccia Brutto now owns all right title, and interest in and to U.S. Trademark Registration No. 6,704,191 for the FACCIA BRUTTO Mark, granted April 19, 2022, and No. 6,750,283 for the FACCIA BRUTTO Logo, granted June 7, 2022 (collectively, the "Faccia Brutto Registrations"), for use in connection with "Liqueurs; Alcoholic beverages, namely, digestifs; Alcoholic beverages, namely aperitifs, digestifs and amari; Herb liqueurs; Liquor and liqueur beverages, namely, aperitifs, digestifs and amari; Spirits and liqueurs" (collectively, the "Faccia Brutto Goods") in International Class 033.

30. The Faccia Brutto Registrations are valid and subsisting, and provide *prima facie* evidence of Faccia Brutto's exclusive, nationwide rights in and to the FACCIA BRUTTO Marks for use in connection with the Faccia Brutto Goods. True and correct copies of the certificates of registration evidencing the Faccia Brutto Registrations are attached as Exhibit A and Exhibit B, and are incorporated herein by reference.

31. The FACCIA BRUTTO Marks, and the goodwill associated therewith, are of substantial, incalculable value to Faccia Brutto.

### Defendant's Infringement

32. Upon information and belief, Defendant is a limited liability company created to own and operate restaurants.

33. Upon information and belief, Defendant's principals are famed chefs and restauranteurs Jamie Bissonnette and Ken Oringer, both of whom have been in the food and beverage industry for a number of years.

34. Upon information and belief, prior to opening the restaurant at issue in this case, Defendant owned and operated and number of different restaurant locations in New York, Boston, and Bangkok under the trademarks TORO, LITTLE DONKEY, and COPA.

35. Upon information and belief, as Defendant was preparing to open the restaurant at issue in this case, it selected certain beverage products to carry on the menu of its restaurant and accompanying wine bar.

36. According to an agent of Defendant, a few weeks prior to its May 24, 2020 restaurant opening, Defendant opted to include FACCIA BRUTTO-branded products on its beverage menu. A true and correct copy of a June 6, 2022 email containing this admission is attached as Exhibit C.

37. On May 24, 2022, despite having actual knowledge of Faccia Brutto's rights in and to the FACCIA BRUTTO Marks in connection with liqueurs sold at restaurants, Defendant opened its new restaurant at 278 Newbury Street in Boston, Massachusetts under the FACCIA BRUTTA Mark.

38. Like "Faccia Brutto," "Faccia Brutta" means "ugly face" in Italian.

39. In addition to selecting a trademark that is nearly identical to the FACCIA BRUTTO Marks in sight and sound—and has identical meaning—Defendants adopted a stylized version of the FACCIA BRUTTA Marks that appears in capitalized block lettering mimicking the font used in the FACCIA BRUTTO Logo:

84687479v.1

| Faccia Brutto's Mark | Defendant's Mark |
|---|---|
| FACCIA BRUTTO | FACCIA BRUTTA |

40.     Defendant advertises its FACCIA BRUTTA-branded restaurant as an Italian restaurant.

41.     Defendant advertises on a website located at https://facciabruttaboston.com/ as well as on social media platforms, including Instagram and Facebook.

42.     Upon information and belief, Defendant offers Faccia Brutto's Italian spirits to its customers in order to evoke the authentic Italian style and flavor of the quality products sold under the FACCIA BRUTTO Marks.

43.     Upon information and belief, Defendant is intentionally attempting to capitalize on the significant goodwill associated with the FACCIA BRUTTO Marks in order to garner consumer interest and support in its new venture.

**Consumer Confusion**

44.     The very same day that Defendant's restaurant opened under the FACCIA BRUTTA Mark, Faccia Brutto began receiving inquiries regarding a perceived association between Defendant and Faccia Brutto.

45.     For example, in response to a May 24, 2022 Instagram post announcing the opening of Defendant's restaurant, one consumer commented: "You guys are using the same font as @faccia_brutto_spirits - any relation? Very confusing."

46. In response to the comment, Defendant wrote: "@faccia_brutto_spirits couldn't have said it better ourselves." A true and correct copy of the May 24, 2022 Instagram exchange is attached as Exhibit D.

### Defendant's Refusal to Cooperate to Reduce Confusion

47. Upon information and belief, Defendant became aware of Faccia Brutto and its marks by early 2021 by virtue of the national press coverage Faccia Brutto received.

48. Defendant had at least constructive notice of Faccia Brutto and its marks as of February 1, 2021, the date that Faccia Brutto publicly filed its applications for registration of the FACCIA BRUTTO Marks.

49. Defendant was actually aware of the FACCIA BRUTTO Marks at least as early as May 2020, when it chose to carry products under the FACCIA BRUTTO Marks in its restaurant. (*See* Ex. C.)

50. Defendant knew of Faccia Brutto and knew of Faccia Brutto's claim of prior rights in and to the FACCIA BRUTTO Marks at least as early as June 6, 2022, when Faccia Brutto's principal reached out to Defendant to inform Defendant of the consumer confusion that was occurring in the marketplace.

51. On several occasions in June 2022, Faccia Brutto requested that Defendant cooperate to reduce consumer confusion by agreeing to phase out use of the FACCIA BRUTTA Mark in connection with its Italian restaurant.

52. Unfortunately, Defendant has chosen to ignore Faccia Brutto's attempts to resolve its dispute with Defendant amicably, outside of court.

53. Faccia Brutto has suffered, and will continue to suffer, irreparable harm due to Defendant's knowing and willful infringement of the FACCIA BRUTTO Marks and all

associated goodwill that Faccia Brutto has built and acquired over the years in the FACCIA BRUTTO Marks in the United States.

54. Faccia Brutto has been forced to pursue relief from the Court in order to avoid continued harm to its valuable brand.

## FIRST CAUSE OF ACTION
### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS

55. Faccia Brutto repeats and re-alleges each and every allegation contained in Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. Faccia Brutto adopted and began using the FACCIA BRUTTO Marks at least as early as April 16, 2020.

57. Faccia Brutto owns all right, title, and interest in and to the Faccia Brutto Registrations for the FACCIA BRUTTO Marks.

58. The Faccia Brutto Registrations are valid and subsisting.

59. Upon information and belief, Defendant adopted and began using its FACCIA BRUTTA Mark long after Faccia Brutto adopted and began using the federally registered FACCIA BRUTTO Marks, and long after Faccia Brutto filed its applications for registration of the FACCIA BRUTTA Marks.

60. By Defendant's own admission, Defendant knew of the FACCIA BRUTTO Marks at the time it adopted and began using the FACCIA BRUTTA Mark.

61. Defendant uses its FACCIA BRUTTA Mark in connection with services that are directly related to the Faccia Brutto Goods.

62. Defendant's unauthorized use of the FACCIA BRUTTA Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that

84687479v.1

Defendant's restaurant services are offered by Faccia Brutto, are associated or connected with Faccia Brutto, or have the sponsorship, endorsement, or approval of Faccia Brutto.

63. Defendant's use of the FACCIA BRUTTA Mark as alleged herein constitutes the use in commerce of a reproduction, copy, or colorable imitation of the prior-registered FACCIA BRUTTO Marks in connection with the advertising, offering for sale, and sale of Defendant's restaurant services, which use is likely to cause confusion, to cause mistake, or to deceive as to the source or origin of Defendant's restaurant services in violation of 15 U.S.C. § 1114(1).

64. Faccia Brutto has no adequate remedy at law.

65. Unless Defendant is preliminarily and permanently enjoined from committing the unlawful acts alleged herein, including the unauthorized use in commerce of the FACCIA BRUTTA Mark, Faccia Brutto will continue to suffer irreparable harm in the form of, *inter alia*, loss of control over the goodwill associated with the FACCIA BRUTTO Marks.

66. Accordingly, Faccia Brutto is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 restraining Defendant, its agents, employees, and all other persons acting in concert with them, from engaging in any further such acts of trademark infringement in violation of the Lanham Act.

67. Pursuant to 15 U.S.C. § 1117(a), Faccia Brutto is also entitled to recover damages it has sustained and will sustain as a result of Defendant's wrongful conduct, and the gains, profits, and advantages that Defendant has obtained as a result of its wrongful conduct.

68. At present, Faccia Brutto is unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendant has obtained by reason of its wrongful conduct described herein.

84687479v.1

69. Defendant's conduct makes this an exceptional case under 15 U.S.C. § 1117(a), and thus, Faccia Brutto is entitled to enhanced damages and an award of attorneys' fees.

## SECOND CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN

70. Faccia Brutto repeats and re-alleges each and every allegation contained in Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

71. Faccia Brutto adopted and began using the FACCIA BRUTTO Marks at least as early as April 16, 2020.

72. Upon information and belief, Defendant adopted and began using its FACCIA BRUTTA Mark long after Faccia Brutto adopted and began using the federally registered FACCIA BRUTTO Marks.

73. By Defendant's own admission, Defendant knew of the FACCIA BRUTTO Marks at the time it adopted and began using the FACCIA BRUTTA Mark.

74. Defendant uses its FACCIA BRUTTA Mark in connection with services that are directly related to the Faccia Brutto Goods.

75. Defendant's unauthorized use of the FACCIA BRUTTA Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's restaurant services are offered by Faccia Brutto, are associated or connected with Faccia Brutto, and/or have the sponsorship, endorsement, or approval of Faccia Brutto.

76. Defendant's use of the FACCIA BRUTTA Mark as alleged herein constitutes the use in commerce of a word, term, name, symbol, or device, which use is likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of Defendant with Faccia Brutto, and/or as to the origin, sponsorship, or approval of Defendant's

84687479v.1

restaurant services or commercial activity by Faccia Brutto, in violation of 15 U.S.C. § 1125(a)(1).

77. Faccia Brutto has no adequate remedy at law.

78. Unless Defendant is preliminarily and permanently enjoined from committing the unlawful acts alleged herein, including the unauthorized use in commerce of the FACCIA BRUTTA Mark, Faccia Brutto will continue to suffer irreparable harm in the form of, *inter alia*, loss of control over the goodwill associated with the FACCIA BRUTTO Marks.

79. Accordingly, Faccia Brutto is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 restraining Defendant, its agents, employees, and all other persons acting in concert with them, from engaging in any further such acts of trademark infringement in violation of the Lanham Act.

80. Pursuant to 15 U.S.C. § 1117(a), Faccia Brutto is also entitled to recover damages it has sustained and will sustain as a result of Defendant's wrongful conduct, and the gains, profits, and advantages that Defendant has obtained as a result of its wrongful conduct.

81. At present, Faccia Brutto is unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendant has obtained by reason of its wrongful conduct described herein.

82. Defendant's conduct makes this an exceptional case under 15 U.S.C. § 1117(a), and thus, Faccia Brutto is entitled to enhanced damages and an award of attorneys' fees.

### THIRD CAUSE OF ACTION
### COMMON LAW UNFAIR COMPETITION

83. Faccia Brutto repeats and re-alleges each and every allegation contained in Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

84687479v.1

84. Faccia Brutto adopted and began using the FACCIA BRUTTO Marks in commerce in the State of Massachusetts long before Defendant adopted and began using its FACCIA BRUTTA Mark in commerce in the State of Massachusetts.

85. The FACCIA BRUTTO Marks are arbitrary and have garnered secondary meaning in the minds of consumers, who associate the FACCIA BRUTTO Marks and products sold thereunder with Faccia Brutto.

86. Defendant uses its FACCIA BRUTTA Mark in connection with services that are directly related to the Faccia Brutto Goods, despite its actual knowledge of Faccia Brutto's rights in the FACCIA BRUTTO Marks for use in connection with the Faccia Brutto Goods.

87. In so doing, Defendant is attempting to capitalize off of the goodwill surrounding the FACCIA BRUTTO Marks, and to pass off its restaurant services offered under the FACCIA BRUTTA Marks as being associated with, and/or originating from, Faccia Brutto.

88. Defendant's actions constitute unfair competition under the common laws of the State of Massachusetts.

89. Defendant's actions have created, and will continue to create, unless restrained by this Court, irreparable injury to Faccia Brutto.

90. Faccia Brutto has no adequate remedy at law.

91. Faccia Brutto is entitled to injunctive relief restraining Defendant, its agents, employees, and all other persons acting in concert with them, from engaging in any further such acts of unfair competition in violation of the laws of the State of Massachusetts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Faccia Brutto Spirits LLC prays that:

84687479v.1

1. Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by through or under authority from Defendant, or in concert with Defendant, and each of them, be preliminarily and permanently enjoined from:

    a. advertising, offering for sale, selling, or distributing any product or service that bears, uses, or reflects the FACCIA BRUTTA Mark or any other name or mark that is likely to cause confusion with the FACCIA BRUTTO Marks, in connection with the sale, offering for sale, distribution, promotion, or advertisement of restaurant services or other, related goods or services;

    b. representing by any means whatsoever, directly, or indirectly, that Defendant, any goods or services offered by Defendant, or any activities undertaken by Defendant, are associated with, authorized by, or connected in any way with Faccia Brutto;

    c. taking any action that would cause any consumer to be misled or deceived as to the nature, quality, or characteristic of any good or service;

    d. applying for registration of any trademark containing FACCIA BRUTTA or FACCIA BRUTTO; or

    e. otherwise competing unfairly with Faccia Brutto.

2. Defendant be ordered to pay Faccia Brutto all damages caused by the acts forming the basis of this Complaint.

3. Based on Defendant's knowing and intentional infringement that damages awarded to Faccia Brutto be trebled, the award of Defendant's profits be

enhanced, and that Defendant be ordered to pay Faccia Brutto's reasonable costs and attorneys' fees.

4. Faccia Brutto be awarded such other and further relief as the Court may deem just and proper.

**DATED: June 28, 2022**                    Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Brian L. Michaelis*
Brian L. Michaelis
bmichaelis@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
(617) 946-4800

Lauren M. Gregory (*pending pro hac vice admission*)
lgregory@seyfarth.com
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA  30309-3958
Telephone:   (404) 885-1500
Facsimile:   (404) 892-7056

*Counsel for Plaintiff Faccia Brutto Spirits LLC*

84687479v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2022, a true and correct copy of the foregoing COMPLAINT was filed with the Clerk using the CM/ECF filing system and served on counsel for Defendant JKFOODGROUP LLC via email at EGyllenborg@morrismahoney.com.

*/s/ Brian Michaelis*
Brian Michaelis

*Counsel for Plaintiff Faccia Brutto Spirits LLC*